JOEL HAGER AND WIFE, BERNICE HAGER v. A. V. CRAWFORD AND AL CRAWFORD D/B/A A. V. CRAWFORD & SON ELECTRIC CO., AND LENNOX INDUSTRIES, INC., A TEXAS CORPORATION

No. 8219SC211

(Filed 15 February 1983)

**Unfair Competition § 1— action for unfair trade practices—summary judgment for defendants**

In an action against the sellers and manufacturer of a heat pump to recover damages for alleged unfair and deceptive trade practices in misrepresenting the ability of the sellers properly to install the heat pump in plaintiffs' residence, summary judgment was properly entered in favor of all defendants where the plaintiffs' own materials showed that defendant sellers made no representations to plaintiffs as to their ability to install the heat pump but told plaintiffs that they had never wired a heat pump before, and where the plaintiffs' materials showed that defendant manufacturer made no representations to plaintiffs, express or implied, concerning the qualifications of the sellers to install and service heat pump equipment.

APPEAL by plaintiffs from *Rousseau, Judge.* Judgment entered 15 October 1981 in Superior Court, ROWAN County. Heard in the Court of Appeals 13 January 1983.

Plaintiffs, dissatisfied with the performance of the Lennox heat pump which had been installed in their residence at their request, filed suit against A. V. Crawford and Al Crawford d/b/a A. V. Crawford & Son Electric Co., the installers of the heat pump system, and Lennox Industries, Inc., the manufacturer and distributor of the heat pump system, alleging that defendants had engaged in unfair and deceptive trade practices in violation of G.S. 75-1.1. In particular plaintiffs alleged that defendants misrepresented the ability of the Crawfords to properly install the Lennox heat pump system and that these misrepresentations constituted unfair and deceptive trade practices.

Defendants moved for partial summary judgment as to plaintiffs' G.S. 75-1.1 allegations. After reviewing the depositions of plaintiffs, Mr. and Mrs. Hager, of defendant Lennox's employees, and of the two Crawfords, the trial court granted the partial summary judgment motions. Plaintiffs appealed from the trial court's grant of partial summary judgment.

*Ketner and Rankin, by David B. Post, for plaintiff-appellants.*

*Davis and Corriher, by Robert M. Davis, for defendant-appellees A. V. Crawford and Al Crawford.*

*Kluttz, Hamlin, Reamer, Blankenship & Kluttz by Richard R. Reamer, for defendant-appellee Lennox Industries, Inc.*

EAGLES, Judge.

Plaintiffs assign as error the trial court's summary judgment for defendants as to their second and sixth claims for relief. Plaintiffs contend that there were issues of material fact as to whether the defendants engaged in misrepresentation or unfair and deceptive acts or practices in violation of Chapter 75 of the North Carolina General Statutes. Having carefully reviewed the record, we find that the trial court properly granted partial summary judgment as to plaintiffs' Chapter 75 claims for relief, since there were no issues of material fact for the jury.

Plaintiffs' second claim for relief states

16. In all dealings with plaintiffs, Crawfords have made representations to plaintiffs that they were professionally qualified, trained, and certified to install and serve Lennox heat pump systems.

17. On information and belief, Crawfords had no prior experience or formal training in the installation of Lennox heat pump systems or any other heat pump systems at the time they installed the plaintiffs' heat pump.

18. Crawfords made the said representations to plaintiffs to induce plaintiffs to purchase a heat pump from Crawfords, and in reliance thereon plaintiffs purchased the said heat pump.

19. Said misrepresentations of Crawfords as hereinabove alleged constitute unfair and deceptive acts and practices in or affecting commerce within the meaning of North Carolina General Statute Sec. 75-1.1.

Plaintiffs have presented an insurmountable bar to recovery under this claim for relief. Plaintiff Joel Hager, when deposed, stated that Al Crawford had informed him "that he had never wired a heat pump." Hager further stated that "I believe I knew that this was their first heat pump installation." There is no evidence in the record suggesting that the Crawfords made any representations as to their ability to install a heat pump. On the contrary, plaintiff Joel Hager testified that they "never made any representations to me about the proficiency of their work. Neither of the Crawfords made any representations to me about their qualifications. They never promised me that the heat pump would operate correctly, but they didn't say anything to the contrary either." Plaintiffs' own statements show that the Crawfords did not engage in any unfair or deceptive practices. Therefore we find no error in the trial court's granting defendants Crawfords' motion for partial summary judgment as to plaintiffs' allegations in their second claim for relief.

Plaintiffs' sixth claim for relief states

43. The implied representations made by Lennox to the public, including plaintiffs herein, that Crawfords were properly trained to install and service Lennox heat pumps, when Lennox had or should have had knowledge that potential purchasers would rely on such representations to their detriment and that Crawfords were, in fact, not adequately trained and educated in such matters were false, misleading and deceptive.

44. Said acts and representations of Lennox as hereinabove alleged constitute unfair and deceptive acts and practices in or affecting commerce within the meaning of North Carolina General Statute Sec. 75.1.1

Similarly, there is no evidence before us that defendant Lennox made any representations to plaintiffs, express or implied, concerning the qualifications of the Crawfords to install and service heat pump equipment. On the contrary, plaintiff Joe Hager stated that "Lennox never told me that Crawford was an authorized heat pump dealer." Plaintiff Bernice Hager stated that "[n]either of the Crawfords made any sales pitch to me about heat pumps. Neither did anyone from Lennox Industries." As above, we find that plaintiffs' statements concerning their dealings with defendant Lennox eliminate any material issue of fact as to the allegations of unfair and deceptive trade practices and misrepresentation.

The Supreme Court has recently defined "unfair methods of competition," stating that this phrase includes the concept of deception. *Johnson v. Insurance Company*, 300 N.C. 247, 266 S.E. 2d 610 (1980). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* at 263, 266 S.E. 2d at 621. The record in this case is devoid of any evidence of activity which would fit into these guidelines.

For these reasons, the trial court's order is

Affirmed.

Judges HEDRICK and JOHNSON concur.